Mr Kevin Martin 00-A-2027
Oneida Corretional Facility
P.O. Box 4580
Rome, New York 13442

June 13, 2006

Honorable: David N. Hurd
United State District Court Judge
United States District Court
Northern District of New York
100 South Clinton Street P.O. Box 7367
Syracuse, New York 13261



Re:   Kevin Martin v. Glenn S. Gorrd et al
      05-CV-1583 [NDNY](DNH)(RFT)

Dear Judge Hurd:

   PLEASE BE ADVISED, pursuant to the above-captioned and foregoing matter, upon receipt of this communication, kindly accept this letter requesting permission to file this letter in opposition to the defendant's letter dated June 8, 2006 [Rec'd 6/12/06]. For the purpose of clarifying the confusing of defendant's argument with regards to the typographical error that plaintiff made when formulating his respose affirmation papers. In so doing your attention is directed to as follows.

   First and foremost, in case's involving pro-se litigants great liberality is used in construing the complaint. Platsky v. C.I.A. 953 F.2d 26, 28 (2d Cir 1991). "The Supreme Court has instructed the district court to conture pro-se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro-se complaint than they would in reviewing a pleading submittted by counsel" Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir 1994)(quoting Conley v. Gibbson 355 U.S. 41, 45-46 (1957). See also Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir 1995). Hains v. Kerner 404 U.S. 519 520 (1972).

   Therefore, plaintiff now makes this reply opposition letter, in response to defendant's letter, where counsel claims that plaintiff now concedes that he have been senetnce to consecutive terms [Def's Mem of law p.2]. As plaintiff was formulating his response, he made a typographical error when he was make distintion between the case of People v. Curley 285 A.D.2d 274. [Pl's Mem's of law p 21]. However, instead of using the word distinquishable, plaintiff inadvertly use the word indistinquishable. Which was in error.

   Here, it is evident that defendant's are reaching for straws. Because, if the courts carefully review plaintiff response. The courts will notice that plaintiff never conceded to being sentence as a sex offender.[Pl Mem of Law p. 3].

It is worth pointing out that during the formulation of his affiramtion in opposition to defendant's Cross-Motion to Dismiss. Plaintiff was attempting to try to explain the facts that he was not sentence to serve consecutive sentence as counsel as stated in his response paper [Def's Mem of Law p. 3 & 7]. However, what plaintiff was attempting to try to do is dispel the assertion that defendant's was telling the courts in their opposition paper.

Defendant's are trying to capitalize off the typographical error that plaintiff made, in using the word "indistinquishable".

This is so absurd that counsel would try to take advantage of plaintiff layman skills, knowing that he do not have a law degree, and that the Supreme Court made it clear that a pro-se litigant pleading is always held to less stringent standard than formal pleading drfted by lawyers Id.

Moreover, the fact that plaintiff pleading explaining his claims, plaintiff attached his sentencing minutes with his response papers to help illustrate the misconception of counsel argument that he is currently sentence under New York Law as a sex offender.[Pl Mem of Law Exhibit "B"].

Lastly, plaintiff do not raise any new claims in his affirmation motion. What plaintiff was again trying to point out to the courts, is what the New York State Legislature says about Penal Law § 70.25 [1-a], and its intented purpose. Due to the defendant's raised this issue is the Cross-Motion to Dismiss [Def's Mem of Law p. 7]. Therefore, again plaintiff gave his understanding of Penal Law 70.25 [1-a].

Now Under the citation of People v. Richdarson 100 N.Y.2d 847; 767 N.Y.S.2d 384 (Ct. App 2003). Here in this particular case, nowhere can it be found or sustain that the Court of Appeals says that in order for this case to apply to any individual sentence and there is an undischarge sentence that he must have been convicted under the following Penal Law § 70.02; 70.04; 70.06; 70.08; 70.10, subdivision three or four of section 70.70, or subdivion three or four of section 70.71. In addition, the Court of Appeals, has not also said that 70.25 [2-a] prohibit any one from having his sentence run concurrent with his undischarge sentence . Penal Law practice commentary page 241. Give the New York State Legislature intention.

This argument was only raised due to the defendant's made mention to the fact that plaintiff was sentence as a sex offender, serving consecutive sentence. [Def's Mem of Law 3 and 7].

Notwithstanding, the dispute here boils down to the question of whether, when an inmate receive a Certificate of Earned Eligibility Certificate, and the Parole Board has denied him parole each time that he appeared be fore the parole Board. Can the Department of Correctional Service after issuing the "EEC".

As recently as 2005, the Appellate Division First Department confirmed that Correction Law § 805 "creates a presumption in favor of parole release of any inmate who like plaintiff, has received a Certificate of Earned Eligibility and has completed a minimum term of imprisonment of eight years or less..." <u>Wallman v. Travis</u> 18 A.D3d 304, 307. Also the the Appellate Division Second has confirmed that an inmate who received a "EEC" <u>SHALL</u> be granted parole relase. And DOCS failed to rebut the preseumption of release in Correction Law § 805.

Based upon the above and foregoing matter, plaintiff respectfully request that the courts grant the relief he sought.

Very truly yours,

Kevin Martin -Plaintiff Pro-Se

cc: Nelson R. Sheingold
    Assistant Attorney General
    Department of Law
    The Capitol
    Albany, New York 12224