UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~

KEVIN MARTIN,

                     Plaintiff,         9:05-CV-1583

    v.

GLENN S. GOORD, Commissioner, NYS DOCS;
JOHN H. NUTTALL, Deputy Commissioner for
Program Service; JAMES V. GRANGER, Director
of Guidance and Counseling; THERESA KNAPP-
DAVID, Director of Classification and Movement;
THOMAS EAGAN, Director of Inmate Grievance
Program; *et al.*,

                     Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                          OF COUNSEL:

KEVIN MARTIN
Plaintiff, *pro se*

HON. ELIOT SPITZER              CHRISTOPHER W. HALL, ESQ.
Attorney General of the            Asst. Attorney General
  State of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. Introduction

      By his *pro se* complaint in this civil rights action, plaintiff Kevin Martin claims that

he was improperly required to participate in the Sex Offender Counseling Program

("SOCP") at Oneida Correctional Facility. Dkt. No. 1 at 5.[1] Plaintiff claims that the SOCP violates his constitutional rights insofar as it may require him to divulge a history of sexual conduct including illegal acts for which no criminal charges have been filed. *Id*. at 6. Plaintiff further claims that his refusal to participate in the SOCP may result in the loss of good time credits. *Id*. In addition to monetary damages, plaintiff seeks injunctive relief.[2]

By prior Order of this Court, the U.S. Marshals Service was directed to effect service of process of the summons and complaint and the defendants were directed to respond to both the complaint and to plaintiff's motions for injunctive relief. Dkt. No. 6.[3]

Defendants have responded in opposition to plaintiff's motions for injunctive relief and have also filed a cross-motion to dismiss plaintiff's equitable claims. Dkt. No. 37.

## II. Motion for Preliminary Injunction

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. To prevail on a motion for preliminary injunctive relief, plaintiff must demonstrate irreparable harm and either a substantial

---

[1] Plaintiff is presently confined at Franklin Correctional Facility. Dkt. No. 49.

[2] In Donhauser v. Goord, 9:01-CV-1535 (DNH/GHL), a preliminary injunction was issued by which "the defendants and persons acting under their direction and/or control are enjoined from depriving a prisoner of good time credits because of the prisoner's refusal to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible for the Sexual Offender Counseling Program." Id., Dkt. No. 85. By Mandate filed April 24, 2006, the Second Circuit vacated the injunction order and remanded the case for further proceedings. Donhauser, Dkt. No. 143.

[3] Insofar as plaintiff sought the issuance of a temporary restraining order without affording the defendants an opportunity to respond to plaintiff's claims, the motion was denied. *Id*. at 3-4. Plaintiff's motion for reconsideration of that decision was denied. Dkt. No. 35.

- 2 -

likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992). Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). Where a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the injunction sought is properly characterized as mandatory rather than prohibitory. A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. See Jolly v. Coughlin, 76 F.3d 468, 473-74 (2d Cir. 1996). The instant motion is treated as seeking mandatory rather than prohibitory relief; accordingly, plaintiff must make a clear or substantial showing of the likelihood of success.

By his motion, plaintiff seeks an order prohibiting the defendants from requiring him to participate in the SOCP and/or from withholding plaintiff's good time based upon his refusal to participate in the SOCP. Dkt. No. 4. Plaintiff also requests that he be transferred from Oneida Correctional Facility to a facility in the New York City area, closer to his home. Id. In addition, plaintiff has filed a letter request in which he claims that since the filing of his complaint, security and supervising staff at Oneida have made threatening remarks to him. Dkt. No. 5. Plaintiff seeks an order prohibiting the defendants from engaging in such conduct. Id.

Plaintiff contends that his assignment to the SOCP was improper because he is not presently serving a sentence for a violent sex crime. Plaintiff states that he was convicted of first degree rape in 1986 and served approximately twelve years of his sentence of ten to twenty years prior to being released on parole in December 1998. Dkt. No. 1 at 5 n. 1. In March 2000, plaintiff was convicted as a second felony offender of attempted criminal possession of a controlled substance and sentenced to a term of one and one-half to three years imprisonment. Dkt. No. 1 at 5. Plaintiff claims that he is presently confined only on the drug charge, and that his prior rape conviction does not warrant his assignment to the SOCP.

In opposition, defendants maintain that plaintiff is presently serving a sentence on the 1986 rape conviction and that his assignment to the SOCP was proper. Dkt. No. 37, Memorandum of Law at 2. According to defendants, upon plaintiff's return to prison following the drug conviction the convictions and terms of imprisonment were aggregated, such that the maximum term of plaintiff's sentence was, as of the date of his return to DOCS custody, nine years, six months and twenty days.[4] Defendants further contend that an inmate serving aggregated indeterminate sentences for one sex offense and one non-sex offense is deemed a "sex offender" under New York state law, and that plaintiff was properly assigned to the SOCP program. Dkt. No. 37 at 9.

---

[4] A detailed accounting of the determination of plaintiff's sentences in set forth in the Declaration of Richard De Simone, Associate Counsel in charge of the DOCS Office of Sentencing Review. See Dkt. No. 37, part 3.

- 4 -

Defendants also argue that plaintiff has not met his burden of establishing that the challenged conduct implicates his Fifth Amendment rights because plaintiff was in fact convicted of a sex offense, and because the statute of limitations on that offense has expired. Id. at 10-11.

Plaintiff has filed reply papers in which he reasserts his position that defendants improperly classified him as a sex-offender and that the only conviction relevant to his present programming needs is the drug conviction. Dkt. No. 42 Aff. at 2-4.

Based upon the foregoing, the plaintiff has not made a clear or substantial showing that he has a likelihood of success on the merits of his claim that his assignment to the SOCP program was improper. Plaintiff's motion for mandatory preliminary injunctive relief must be denied.

The motion must also be denied as moot. In October, 2005, plaintiff agreed to participate in the SOCP. Plaintiff participated in the SOCP from November, 2005 to January, 2006, at which time he was removed from the program due to his demonstrated failure to progress. Dkt. No. 37, Elfeldt Declaration ¶¶ 12, 17 and Ex. D. On February 16, 2006, the Oneida Time Allowance Committee recommended that plaintiff's good time be withheld. The recommended loss of good time was affirmed, and plaintiff was advised that he could apply for reconsideration upon completion of the SOCP. Dkt. No. 37, Elfeldt Declaration at ¶ 18.

Insofar as plaintiff seeks preliminary injunctive relief transferring him to a correctional facility closer to his home, the motion must also be denied. "It is well settled that the decision where to house inmates is at the core of prison administrators'

expertise." Meachum v. Fano, 427 U.S. 215, 225 (1976). An inmate does not a have a right to be confined to the prison of his own choosing. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); *Mendez v. Mantello*, 93-CV-0908 (N.D.N.Y. Sept. 1, 1994) (DiBianco, M.J.) (citing Meriwether v. Coughlin, 879 F.2d 1037, 1046 (2d Cir. 1989)).

Finally, the plaintiffs' claim that he was subjected to verbal harassment and mistreatment at Oneida Correctional Facility and his request for injunctive relief prohibiting defendants from engaging in such conduct has also been considered. Dkt. No. 5. A transfer from a prison facility moots an action for injunctive relief against officials and/or employees of the transferring facility. Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (citations omitted) (finding request for injunctive relief moot where inmate transferred from subject facilities). Because plaintiff is presently confined at Franklin Correctional Facility, this motion for preliminary injunctive relief will be denied as moot.

### III. Motion to Dismiss or Stay

Defendants filed a cross-motion by which they seek an order dismissing "the equitable claims contained in the Complaint and staying the remaining claims pending a determination by the New York State Courts." Dkt. No. 37, Memorandum of Law at 4-8. Defendants claim that because plaintiff filed two Article 78 proceedings in New York state court regarding his placement in the SOCP and the withholding of good time, a federal court should "refrain from enjoining or otherwise interfering in ongoing state proceedings" in accordance with the doctrine of Younger abstention. Id., Memorandum of Law at 4.

> Although federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), there are several traditional categories of abstention. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (abstention appropriate where there is a pending state criminal proceeding); *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-34, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (abstention appropriate to avoid interference with attempts to establish coherent state policy and issues of peculiarly local concern); *Railroad Comm'n v. Pullman* Co., 312 U.S. 496, 498-501, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (abstention appropriate to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law); *see also MacDonald v. Village of Northport*, 164 F.3d 964, 967-68 (6th Cir.1999).

Village of Westfield, N.Y. v. Welch's, 170 F.3d 116, 120 (2d Cir. 1999). In the case of Younger abstention, the same comity and federalism concerns apply to state administrative proceedings vindicating important state interests as to pending criminal proceedings. See Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003); Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). As defendants note, it is well-established that Younger abstention is inappropriate on a claim for money damages for the alleged violation of 42 U.S.C. § 1983. Spargo, 282 F.3d at 195 n. 2 citing Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001).

The state court papers submitted by the defendants in support of their motion have been reviewed. Prior to the commencement of this action, plaintiff filed a petition pursuant to New York CPLR Article 78 challenging the denial of his grievance regarding his assignment to the SOCP program and his transfer to Oneida Correctional Facility in order to enrol in the program. See Dkt. No. 37, Memorandum of Law ex. A. (Matter of

Martin v. Goord, Sup. Ct. Albany County, Index No. 4839-05, January 5, 2006, McNamara, J.). Upon review, the state court ruled that "the decision to deny the grievance was based on adequate reasoning and was not arbitrary, capricious or affected by error of law." Id. The court did not specifically address plaintiff's claim regarding the location of his confinement. Plaintiff's appeal of that decision to the Appellate Division, Third department, is pending. Id., Memorandum of Law at 3.

Shortly after this action was filed, plaintiff commenced a second Article 78 proceeding in Albany County Court. See Dkt. No. 37, Memorandum of Law ex. B (Matter of Martin v. Goord, Sup. Ct. Albany County, Index No. 1878-06, Lamont J.). The petition in this action sought review of the determination that required plaintiff to enrol in the SOCP and which withheld his good time credits based upon his failure to complete the program. By Decision dated August 9, 2006, plaintiff's petition was dismissed. See Dkt. No. 50 (Decision of Lamont, J. issued August 9, 2006). That portion of the petition which sought relief from the decision to enrol plaintiff in the SOCP and to transfer him to Oneida was dismissed as barred by the doctrine of res judicata. The state court concluded that the denial of good time was not irrational, arbitrary or capricious "as petitioner failed to successfully complete the SOCP and is currently serving a sentence that is sex offense related . . . ." Id.

This case does not fall within any of the traditional categories of abstention.[5] While this action may be duplicative of the state court proceedings in certain respects, and further litigation of plaintiff's claims may be barred by the doctrines of collateral estoppel and res judicata, those questions are not before the Court on defendants' present cross-motion. Defendants' cross-motion to dismiss plaintiff's equitable claims and to stay the claim for monetary relief on the grounds that there are parallel state actions pending will be denied.

WHEREFORE, it is hereby

ORDERED, that

1. Plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 4 and 5) are DENIED;

2. Defendants' cross-motion to dismiss and stay (Dkt. No. 37) is DENIED; and

3. Defendants shall file and serve an answer to the complaint on or before October 27, 2006.

---

[5] It has also considered whether abstention from consideration of plaintiff's equitable claims is otherwise appropriate. It is not. In Colorado River, the Supreme Court held that abstention may also be appropriate in cases that do not fit neatly within these traditional categories. See Colorado River, 424 U.S. at 817-18. The Supreme Court held that although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances. Colorado River, 424 U.S. at 818, Village of Westfield, N.Y., 170 F.3d at 120. However, "[i]f there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir.2001). In this case, the defendants have not demonstrated that exceptional circumstances exist which warrant dismissal of plaintiff's equitable claims.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 22, 2006
       Utica, New York.