**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN MARTIN,

                                        Plaintiff,

            - v -                                              Civ. No. 9:05-CV-1583
                                                                        (LEK/RFT)

GLENN S. GOORD, *Commissioner of New York*
*State Department of Correctional Services, et al.*,

                                        Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

KEVIN MARTIN
Plaintiff, *Pro Se*
00-A-2027
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. ANDREW M. CUOMO                    CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

        On December 21, 2005, *pro se* Plaintiff Kevin Martin brought this civil rights complaint

pursuant to 42 U.S.C. § 1983, alleging that he has been improperly required to participate in a Sex

Offender Counseling Program at Oneida Correctional Facility; Plaintiff also filed an Application to

Proceed *in Forma Pauperis* ("IFP"), which the Court granted.[1]  Dkt. Nos. 1, 2, & 6.  Presently

---

[1] Shortly after filing his Complaint, Plaintiff filed Motions for Preliminary Injunctions which were subsequently
denied.  Dkt. Nos. 4, 5, & 57.  Plaintiff has also filed a Motion for Summary Judgment, Dkt. No. 78, however, the Court
(continued...)

before the Court is Defendants' Motion to Dismiss brought pursuant to 28 U.S.C. § 1915(g), which the Plaintiff opposes.[2]  Dkt. Nos. 95 & 96.

For the reasons that follow, it is recommended that the Defendants' Motion be **granted**.

## I. DISCUSSION

### A.  28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1).  The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity.  *Id*. at § 1915(a)(2).  Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id*. at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996, which renders several restrictions on a prisoner's ability to exploit the justice system.  One such mechanism is the so-called "three-strike rule" which bars inmates from proceeding IFP after three or more previous claims, where the prisoner was granted IFP status, have been dismissed as

---

[1](...continued)
stayed both the Defendants' obligation to respond to that Motion and all other deadlines after granting the Defendants leave to file the instant Motion to Dismiss pursuant to 28 U.S.C. § 1915(g), Dkt. Nos. 84-85, 88, & 90.

[2] Also pending on the docket is Plaintiff's Motion for Summary Judgment.  Dkt. No. 78.  In lieu of responding to this Motion, Defendants sought and were granted permission to file the instant Motion; in granting this request, the Court stayed Defendants' obligation to respond thereto.  Dkt. No. 84.  In light of our recommendation of conditional dismissal, Plaintiff's Motion for Summary Judgment shall continue to be held in abeyance pending the District Judge's decision on this Report and Recommendation.

"frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id*. at § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration--prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials--has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense. *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

In calculating which cases count towards the three strikes rule, a court may look to dismissals which predated the enactment of the PLRA. *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000). The Second Circuit has held such a calculation to be proper and constitutional given that the determination to revoke IFP status in no way affects the merits of the prisoner's case, but rather prevents the inmate from continuing suit without the payment of fees. *Id*.

## B. Martin's Three Strikes

Defendants' assert that Plaintiff has accrued at least six strikes, which form the basis of their Motion to Dismiss. Dkt. No. 95, Mot. to Dismiss, Mem. of Law at pp. 2-5. The first case, *Martin v. Coombe*, Civ. No. 94-CV-91 (W.D.N.Y. Oct. 19, 1995), was a class action lawsuit that Plaintiff filed alongside nine other inmates, alleging constitutional violations stemming from living conditions at Groveland Correctional Facility. Dkt. No. 95, Mot. to Dismiss, Christopher B. Hall, Esq., Affirm., dated Nov. 2, 2007, Ex. B, Mem. and Order, dated Oct. 19, 1995. The district court in that case dismissed the claims for failure to state a claim upon which relief could be granted and

also denied Plaintiff's motion for class certification, stating that Plaintiff had "merely paraphrase[d] the language of [Federal Rule of Civil Procedure] 23, with no supporting factual specificity whatsoever[.]" *Id*. at p. 6.  The district court offered Plaintiff the opportunity to file a motion to amend his complaint, which he did not, and judgment was thereafter entered for the defendants.  *Id.* at p. 7; Hall Affirm., Ex. A, Dkt. Sheet for *Martin v. Coombe*, Civ. No. 94-CV-91, at Dkt. No. 36. Plaintiff did not appeal that decision.  *Id*.  Therefore, that lawsuit was dismissed for failure to state a claim and counts as a strike.

*Martin v. Coughlin*, Civ. No. 94-CV-6083 (W.D.N.Y. May 9, 1994) is the second case Defendants assert counts as a strike.  In that case, Plaintiff claimed that the New York State Department of Correctional Services violated his constitutional rights when it transferred him from Auburn Correctional Facility to Groveland Correctional Facility.  Hall Affirm., Ex. D, Mem. and Order, dated May 9, 1994, at pp. 1-2.  The district court dismissed that claim without prejudice for failure to allege a constitutional violation, and also stated that "any appeal from [the] Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)[.]" *Id*. at p. 3.  Despite the district court's admonition, Plaintiff did not move to amend his complaint but rather, appealed that decision to the Second Circuit Court of Appeals, which curtly dismissed the appeal for "so indisputably lacking in merit as to be frivolous within the meaning of 28 U.S.C. § 1915(d)."  Hall Affirm., Ex. F, Mem. and Order, dated July 20, 1994 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).  Therefore, that lawsuit was dismissed by both the trial and the appellate courts for failure to state a cognizable constitutional claim.  When a district court dismisses a plaintiff's claims as frivolous and the circuit court does the same on appeal, both the initial complaint and the subsequent appeal may count as strikes under 28 U.S.C. § 1915(g).  *See, e.g., Chavis v. Curlee*, 2008 WL 508694, at *4 n.5 (N.D.N.Y. Feb. 21, 2008)

(citing cases).[3] Thus, Plaintiff's complaint and subsequent appeal in *Martin v. Coughlin* constitute second and third strikes.

In addition, Defendants have identified another case wherein Plaintiff filed a frivolous claim that was dismissed by both the district court and the Second Circuit.  In *Martin v. D'Alessio*, Civ. No. 97-CV-8298 (S.D.N.Y. Nov. 10, 1994), Plaintiff alleged that the clerks of various state court clerks had violated his constitutional rights while performing their court-related duties.  Hall Affirm., Ex. H, Order of Dismissal, dated Nov. 10, 1997.  The district court dismissed the action because it "lack[ed] an arguable basis either in law or in fact," and certified "that any appeal from [the] order would not be taken in good faith."  *Id.* at p. 4 (internal quotation marks and citation omitted).  Plaintiff appealed, and the Second Circuit dismissed the appeal for "so indisputably lacking in merit as to be frivolous within the meaning of 28 U.S.C. § 1915(e)."  Hall Affirm., Ex. J, Mem. and Order, dated Feb. 19, 1998 (citation omitted).  Thus, Plaintiff's complaint and appeal in *Martin v. D'Alessio* constitute additional strikes.

Because Plaintiff has brought three or more actions that were dismissed as frivolous and/or for failure to state a claim upon which relief could be granted, his Complaint should be **conditionally dismissed** pursuant to 28 U.S.C. § 1915(g) until such time as he pays the entirety of the $350.00 filing fee due.

### III.  CONCLUSION

---

[3] The opinion in *Chavis v. Curlee*, written as a Report-Recommendation by The Honorable George H. Lowe,United States Magistrate, and adopted by The Honorable Lawrence E. Kahn, United States District Judge, cites to cases from the Tenth and Seventh Circuit Courts of Appeal for the proposition that a second strike may result from the dismissal of a federal appeal.  The Second Circuit has apparently not spoken directly on the issue, but given the clear language in § 1915(g) defining a strike as a frivolous "action *or appeal*,"(emphasis added), counting a frivolous appeal taken from an initially frivolous complaint as another strike, especially when the Plaintiff has been specifically warned that any appeal would be in bad faith, is congruent with the purposes of the PLRA and 1915(g).

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's status as proceeding *in Forma Pauperis* be **revoked** because Plaintiff has brought on three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(g), and because he has not alleged in this action that he is in imminent danger of serious physical injury; and it is further

**RECOMMENDED**; that Plaintiff's Complaint be **conditionally dismissed** until such time as Plaintiff has payed the entire $350.00 filing fee; and it is further

**RECOMMENDED**, that if Plaintiff does not submit the $350.00 filing fee **within thirty (30) days** from the date this Report-Recommendation is adopted, his Complaint be **dismissed**; and it is further

**ORDERED**, that in light of the Court's recommendation of conditional dismissal, the Clerk is directed to terminate Plaintiff's Motion for Summary Judgment (Dkt. No. 78).  In the event the District Judge rejects the within recommendations or if he approves the recommendations and Plaintiff pays the required filing fee, the Clerk shall reinstate Plaintiff's Motion and re-notice a deadline for Defendants' response; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72, 6(a), & 6(e).

Date:   August 21, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge